607 So.2d 1009 (1992)
LAKESIDE NATIONAL BANK OF LAKE CHARLES, Plaintiff-Appellee,
v.
VINSON BROTHERS, INC., et al., Defendants-Appellants.
No. 91-844.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1992.
*1010 Stockwell, Sievert, Viccellio, Clements & Shaddock, Stephen C. Polito, H. Alan McCall, Lake Charles, for plaintiff-appellee.
Lundy & Dwight, David F. Dwight, Lake Charles, for defendants-appellants.
Before GUIDRY, J., and CULPEPPER[*] and SALOOM[*], JJ. Pro Tem.
KALISTE J. SALOOM, Jr., Judge Pro Tem.
Lakeside National Bank of Lake Charles (hereinafter Lakeside) filed suit against Vinson Brothers, Inc., Frank C. Vinson, Scottie Max Vinson and Margaret Peggy Vinson to collect on promissory notes executed by Vinson Brothers, Inc., and partially guaranteed by Frank C. Vinson, Scottie Max Vinson and Margaret Peggy Vinson. The defendants answered and filed a reconventional demand. Settlement was effected between Lakeside and Frank C. Vinson. Thereafter, Lakeside dismissed its claim as to Frank C. Vinson and Vinson Brothers, Inc. It is Scottie Max Vinson's and Margaret Peggy Vinson's reconventional demand that is before us.
In their reconventional demand the original defendants sought to claim damages from Lakeside for its arbitrary refusal to extend credit under a revolving credit agreement, breach of the revolving credit agreement and its actions in filing suit on the notes after its loan officer had allegedly advised one of the defendants, Margaret Peggy Vinson, that no enforcement action would be taken.
The trial court sustained an exception of res judicata as to Frank Vinson's reconventional demand basing its decision on the settlement between him and Lakeside. The trial court also sustained Lakeside's peremptory exception of no cause of action with respect to the reconventional demands of defendants, Scottie Max Vinson and Margaret Peggy Vinson. Under the trial court's rulings, Vinson Brothers, Inc., remains as the sole plaintiff in reconvention. *1011 Appeal was taken by Scottie Max Vinson and Margaret Peggy Vinson.
Appellants do not rely on their status as corporate officers, stockholders or guarantors as the basis for their cause of action. They claim a cause of action as individuals, sued in solido with the corporate debtor, for damages suffered due to the bank loan officer's negligent misrepresentation of forbearance of suit and collection efforts. They allege that the loan officer voluntarily informed one of the defendants, Margaret Peggy Vinson, that "suit would not be filed and no enforcement efforts would be undertaken by Lakeside" against the defendants. Later when the indebtedness became delinquent, appellants averred that Lakeside changes its mind and, without giving notice to the corporation or the individual defendants, filed suit. They contend that filing of suit increased their liability for court costs, attorney fees and sheriff's costs. In argument before this court, appellants predicate their claim for damages on the adverse effect of this suit upon their credit worthiness and individual reputations.
After careful review of the pleadings and considering their allegations in the light most favorable to appellants, we find no error in the trial judge's ruling on the exception of no cause of action. We distinguish the present case on a factual basis from Cypress Contractors, Inc. v. McGoldrick Oil Co., Inc., 525 So.2d 1157 (La.App. 3d Cir.1988), writ denied in 530 So.2d 570. In Cypress, there was no issue relating to an agreement to forbear collection efforts. It involved allegations of negligent misrepresentation to a third party of the financial stability of a commercial customer. However, this court in Cypress, supra, did recognize three necessary allegations for applying a cause of action for negligent misrepresentation, namely:
1) There must be a legal duty on the part of defendant to supply information;
2) There must be a breach of that duty; and,
3) The breach must have caused damages to the plaintiff.
We agree with the trial judge's observations and adopt his well-reasoned opinion stating:
"There is no allegation here that LAKESIDE incorrectly informed MARGARET that it would forbear at the time she was so advised. It is not alleged that LAKESIDE always intended to enforce the obligations and initially misrepresented this intention to MARGARET. Rather, the petition simply sets forth an allegation that LAKESIDE first said it would not sue and then changed its mind. These circumstances as alleged to not establish the circumstances required for application of the doctrine of negligent misrepresentation."
We also conclude that the alleged statement attributed to the Bank officer does not state a cause of action under the doctrine of equitable estoppel or the theory of detrimental reliance contained in La. C.C. art. 1967. As observed by the trial judge, there are no facts stated alleging reliance on the loan officer's statement by reconvenors to their detriment or even whether such reliance was reasonable. See reliance in Simmons v. Sowela Technical Institute, 470 So.2d 913 (La.App. 3d Cir. 1985), writ denied, 475 So.2d 1109.
Appellants also assert that as defendants in solido they have a cause of action co-extensively with Vinson Brothers, Inc., the corporate debtor, surmising that one cannot exist without the other. We disagree. Vinson Brothers, Inc., as reconvenor, was not named in Lakeside's exception of no cause of action. The trial court's ruling affects appellants only. Lakeside did not address its exception against the corporation. We do find other allegations that state a cause of action for the corporation, namely, the pleadings relating to a breach by Lakeside of the revolving credit agreement with Vinson Brothers, Inc., and its arbitrary refusal to extend further credit under the agreement. These are actions assertable by the corporation itself, not by its officers, stockholders or guarantors. L & L Industries v. Progressive National Bank, 535 So.2d 1156 (La.App. 2d Cir.1988) and Lambert v. Maryland Casualty Co., *1012 403 So.2d 739 (La.App. 4th Cir.), writ granted, 407 So.2d 734 (La.1981), affirmed, 481 So.2d 553 (La.1982).
In conclusion, the appellants failed to state a cause of action for which relief can be granted. The simple allegation that a promise of forbearance was made and, after default, later broken does not state a cause of action for negligent misrepresentation or other basis proposed by appellants.
For reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed against Scottie Max Vinson and Margaret Peggy Vinson.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, retired, and Honorable Kaliste J. Saloom, Jr. participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.